UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JOSEPH BOGGS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 24-136-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| BOARD OF EDUCATION OF | ) | |
| FAYETTE COUNTY, KENTUCKY, | ) | **MEMORANDUM OPINION** |
| et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendants Board of Education of Fayette County, Kentucky and Kentucky Department of Education have filed a Joint Motion to Dismiss under Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure based on assertions that Plaintiff Joseph Boggs' Complaint is untimely. [Record No. 9] Having thoroughly reviewed the record and the parties' arguments, the Court concludes that the Complaint was filed prior to the expiration of the applicable statute of limitations. Accordingly, the defendants' Joint Motion to Dismiss will be denied.

**I. Background**

Plaintiff Joseph Boggs received services in Fayette County Public Schools ("FCPS") as a child with a disability. [Record No. 1-1 at 1–2] After he purportedly graduated high school, he requested a Due Process Hearing with the Kentucky Department of Education pursuant to the Individuals with Disabilities Education Act and 707 KAR 1:340. *Id.* at 6. During the hearing, he argued that he was being denied an appropriate education because he

did not have an appropriate transition plan, did not receive a manifestation determination hearing, was allowed to make-up failed classes to graduate, and was not permitted to attend graduation and its related activities. *Id.* at 2–3. Following the hearing, the final order issued required FCPS to provide Boggs with twenty-seven hours of Orientation and Mobility Training but denied all other relief. *Id.* at 30. Boggs filed an appeal with the Exceptional Children Appeals Board ("ECAB") which affirmed the decision of the hearing officer on March 11, 2024, and emailed it to Boggs on March 12, 2024. *Id.* at 56, 58.

Pursuant to Kentucky Revised Statute ("KRS") 13B.140, Boggs filed a civil action in Fayette Circuit Court seeking judicial review of the administrative determinations.[1] [Record No. 1-6 at 2] The defendants then filed a motion to dismiss the Complaint, arguing that it was filed beyond the thirty-day statutory period. [Record No. 1-5] Two weeks later, the defendants removed the case to this Court pursuant to 28 U.S.C. § 1331. [Record No. 1] Boggs objected to the removal and requested that the matter be remanded to state court. However, his motion was denied. [Record Nos. 3, 8] Thereafter, the defendants filed the instant Joint Motion to Dismiss. [Record Nos. 7–9]

## II.  Legal Standard

To "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible upon its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While the Court need not accept legal conclusions or unwarranted factual inferences, the allegations in the complaint must be accepted as true and all reasonable inferences must be

---

[1] *Boggs v. Bd. of Educ. of Fayette Cnty*, Civil Action No. 24-CI-1417 (Fayette Cir. Ct. filed April 12, 2024).

construed in the plaintiff's favor. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). However, the Court will dismiss a complaint if the factual allegations are insufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Rule 12(b)(6) motions are generally not an appropriate vehicle for dismissing a claim based on a statute of limitations violation except when the complaint, on its face, reveals that it is time-barred. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). However, for dismissal to be proper in that context, the complaint must affirmatively show the plaintiff "can prove no set of facts to entitle him to relief." *Dimond Rigging Co., LLC v. BDP Int'l, Inc.*, 914 F.3d 435, 441 (6th Cir. 2019) (citations and emphasis omitted).

While courts are generally limited to considering the pleadings, they can consider certain items without converting the motion to one for summary judgment, including public records, exhibits attached to the complaint, and those attached to the motion to dismiss "so long as they are referred to in the complaint and are central to the claims contained therein." *Bassett*, 528 F.3d at 430.

### III. Analysis

The parties agree that KRS 13B.140 applies and, therefore, Boggs appeal of the ECAB's final order needed to be filed within thirty days (i.e., by April 11, 2024). [Record Nos. 9 at 4, 10 at 1] Plaintiff first eFiled his Complaint in Fayette Circuit Court with a motion to proceed *in forma pauperis* ("IFP") along with the required affidavit on April 9, 2024.

[Record No. 10, 10-1] Boggs included the documents required by the Kentucky Rules of Civil Procedure ("CR") 5.05[2], but the next morning, the clerk denied the submission explaining:

> The In forma Pauperis needs to be attached with a separate proposed order to proceed in forma pauperis, so it can reach the judge's portal for them to rule on. Please attach the order and re-submit. Thanks, JS
> *These item(s) must be resolved and resubmitted to the Circuit Clerk by April 12, 2024 at 11:59PM Eastern*
> No payment was collected for this efiling. EFiling transactions are preauthorized at the time of envelope submission but not finalized until clerk acceptance. (emphasis in original)

[Record No. 10-1] Boggs refiled his Complaint, IFP motion, affidavit, and requested proposed order on Friday, April 12, 2024, at 5:20 p.m. [Record No. 10-3] The clerk processed and accepted the filing the following Monday. [Record No. 10-3 at 6] The stamped notation identified the Complaint as "filed" and the IFP documents as "tendered" on April 12, 2024—one day after the statute of limitations expired. [Record No. 1] The date on the summons for the Board of Education bears that same date. [Record No. 9]

The defendants argue that because the Complaint, on its face, is marked by the clerk as filed on April 12—it is untimely and subject to dismissal. [Record No. 9 at 5] They further contend that the thirty-day period to appeal the ECAB's order is a jurisdictional deadline, requiring strict compliance. *Id.* (citing *J.M. v. Oldham Cnty. Bd. of Educ.*, 647 S.W.3d 279 (Ky. Ct. App. 2022)). First the defendants acknowledge the Supreme Court of Kentucky's eFiling Rules which allow a party to correct a filing error within two days and preserve the original filing date. [Record No. 9 at 5] Then, they point to Section 18(1) of those same rules

---

[2] CR 5.05 on filing states: "(4) If accompanied by a motion for leave to proceed in forma pauperis and a supporting affidavit, and made in good faith, any matter to be filed under these rules, including appeals, shall be considered filed on the date it is tendered."

which provides that "[s]ome deadlines are jurisdictional and cannot be extended."[3] *Id.* Finally, they cite CR 3.01 stating that a civil action is "commenced by the filing of a complaint with the court and the issuance of a summons or warning order thereon in good faith" and to KRS 413.250(1), explaining that an action "shall be deemed to commence on the date of the first summons or process issued in good faith from the court having jurisdiction." *Id.*

In sumary, the defendants interpret the facts and relevant rules as follows: (1) plaintiff made a filing error when he failed to attach a proposed order to proceed IFP, meaning his Complaint was not "filed" on April 9, 2024; (2) the two-day grace period provided to plaintiff did not apply in his circumstance because the thirty-day period was jurisdictional; (3) because the defendants' summons bears the April 12, 2024 date, the civil action was not "commenced" before the statute of limitations lapsed; and (4) this Court lacks jurisdiction, and the plaintiff failed to state a claim because the Complaint is marked "filed" one day late.

Conversely, Boggs argues that his Complaint was not rejected by the clerk, there was no mistake in his filing, and it was filed on April 9, 2024. [Record No. 10] To show the Complaint was not rejected, he references the clerk's request sent to him on April 10, 2024, which included that eFiling transactions are "preauthorized at the time of submission." *Id.* at 2. Regarding any allegation of mistake, Boggs insists that neither CR 73.02, now Rules of Appellate Practice ("RAP") 3, nor Fayette County Local Rule 31 on *in forma pauperis* require a proposed order. *Id.* at 3 n.1. He contends that his Complaint was timely filed, despite the "filed" April 12, 2024, notation by the clerk. [*See* Record No. 10.] In support, he cites CR

---

[3] This section refers to technical difficulties in the eFiling systems which require eFilers experiencing these difficulties to conventionally file their documents to comply with non-extendable jurisdictional deadlines.

73.02, now RAP 3(A)(3), which says "if the notice of appeal is timely tendered and accompanied by a motion to proceed *in forma pauperis* . . . the notice of appeal or cross-appeal shall be considered timely but shall not be filed until the motion is granted or, if denied, the filing fee is paid." *Id.* While the plaintiff does not believe there are issues with the filing of the Complaint, he contends that it should not be dismissed because, at a minimum, it was issued in "good faith." [Record No. 10] (quoting *Kentucky Horse Racing Comm'n v. Motion*, 592 S.W.3d 739, 746 (Ky. Ct. App. 2019) (allowing an appeal to proceed despite lacking a timely summons because it was issued in good faith)); *see also* [Record 10-5 at 8] (citing *Motion*, 592 S.W.3d at 746 (citing CR 3.01; KRS 413.250) (outlining the role of good faith in summonses and process)).

According to the plaintiff: (1) his Complaint was tendered on April 9, 2024; (2) the clerk's request for a proposed order to proceed IFP did not mean there was an error in the filing; (3) the April 12, 2024 "filed" notation is not dispositive because the relevant statutes indicate that when accompanied by an IFP motion, the Complaint is considered filed on the date it is tendered; and (4) he should be allowed to proceed even though the summons was dated April 12, 2024, because it was issued in good faith.

The issues raised in the defendants' motion involve a host of moving parts. To resolve this motion, however, the Court need not address each one. Regarding when the Complaint was filed, the plaintiff has provided an auto-generated message from the eFiling system that states, "Notice of Electronic Filing" and "Date and Time of Filing: April 9, 2024." [Record No. 10-1] The eFiling Rules, Section 8(3) explain "the electronic transmission of a document to the eFiling system in accordance with the procedures specified in these rules, together with the generation and transmission of a *Notice of Electronic Filing* from the court with a hyperlink

- 6 -

to the electronically filed document, constitutes filing of the document for all purposes of the Kentucky Rules of Procedure." (emphasis added) This eFiling Rule coupled with the auto-generated message plaintiff received results in a reasonable inference that the Complaint was filed the first time. Further, the IFP statute for civil actions indicates that any matter filed with a motion to proceed IFP "shall be considered filed on the date it is tendered." CR 5.05(4). Similarly, the appeals statute for IFP states that if the "notice of appeal is timely tendered and accompanied by a motion to proceed *in forma pauperis* . . . the notice of appeal . . . shall be considered timely, but shall not be filed until the motion is granted[.]" RAP 4(3). Neither indicate that a filing error would render a Complaint or an appeal untimely.

The parties disagree about whether Boggs committed a fatal filing error when he did not attach a proposed order. It is true that neither RAP 3(4), Fayette County Local Rule 31, nor CR 5.05(4) require a proposed order for leave to proceed IFP as the clerk requested. However, the eFiling Rules in Section 8(5)(a) state if the "filing of an electronically submitted document requires leave of court . . . the eFiler *should* attach the proposed document as an attachment to the motion requesting leave to file[.]" (emphasis added) Here, the rules use the word "should" and not "shall" as used in numerous other provisions. The word "should" implies that Boggs' failure to attach a proposed order is not fatal to his filing. This interpretation is bolstered by other provisions outlining when a document is deemed filed.[4] These reasonable inferences construed in plaintiff's favor are sufficient at this stage to demonstrate that he filed the Complaint on April 9, 2024.

---

[4] *See, e.g.*, Section 8(3)(a): "A document filed electronically is deemed filed on the date and time stated on the Notice of Electronic Filing from the court, regardless of when the eFiler actually transmitted the document or when the clerk actually processed the envelope."

The parties also disagree about which procedural rules apply regarding summonses and issuances of process. Civil Rule 3.01 requires an "issuance of a summons or warning order thereon in good faith" for a civil action to commence, and KRS 413.250 states that a civil action commences "on the date of the first summons or process issued in good faith from the court having jurisdiction of the cause of action." Of course unlike the civil rules, the appellate rules do not require a summons. *See* RAP 3. In the Certificate of Service attached to the Complaint, Boggs' counsel certifies that defendants were served the Complaint on April 9, 2024. [Record No. 1]

The Court need not resolve which procedural rules apply because, at a minimum, the summons or process was issued in good faith as evidenced by the plaintiff serving defendants the Complaint and filing it on August 9, 2024. *Kentucky Horse Racing Comm'n v. Motion*, 592 S.W.3d 739, 746 (Ky. Ct. App. 2019) (allowing a case to proceed despite a failure to serve the Attorney General as required by statute). The defendants' argument that *Motion* is distinguishable because, in that case, a summons was issued but the Attorney General was not served, is unavailing. [Record No. 12] Rather the court in *Motion* explicitly stated, "errors or flaws in the issuance and service of a summons are not fatal to a cause of action." *Motion*, 592 S.W.3d at 746 (citing *Arlinghaus Builders, Inc. v. Kentucky Pub. Serv. Comm'n*, 142 S.W.3d 693 (Ky. App. 2003)). The defendants do not dispute that they received service of the plaintiff's Complaint on April 9, 2024. [*See* Record Nos. 9, 12] Therefore, under *Motion*— notwithstanding the summons marked April 12, 2024, by the clerk[5]—the plaintiff commenced the action in good faith.

---

[5] Under the law and facts regarding the filing of this Complaint, it is possible that the April 12, 2024 "filed" stamp on the Complaint and summons by the clerk was a clerical error subject to

## IV. Conclusion

For the reasons discussed above, it is hereby

**ORDERED** that Defendants Board of Education of Fayette County, Kentucky and Kentucky Department of Education's Joint Motion to Dismiss [Record No. 9] is **DENIED**.

Dated: November 8, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky

---

correction by the Court under FRCP 60. However, the undersigned is not inclined at this time to make such a determination regarding the state filing record and procedure.